**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____   Chapter   **11**

☐ Check if this is an
amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | **Job.com-HV, Inc. (Florida)** | |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** <br><br>Include any assumed names, trade names and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **85-2355873** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **1743 Sidewinder Drive,** <br> **1st Floor** <br> **Park City, UT 84060** <br> Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Summit** <br> County | **Location of principal assets, if different from principal place of business** <br><br> Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.job.com** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br><br> ☐ Partnership (excluding LLP) <br><br> ☐ Other. Specify: _____ |

| Debtor | Job.com-HV, Inc. (Florida) | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__5613__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

■ Yes.

| Debtor | Job.com-HV, Inc. (Florida) | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

List all cases. If more than 1, attach a separate list

| Debtor | **See Schedule 1** | Relationship | |
|---|---|---|---|
| District | | When | Case number, if known |

**11. Why is the case filed in this district?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____
Contact name _____
Phone _____

---

**■ Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ■ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ■ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | **Job.com-HV, Inc. (Florida)** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **July 6, 2025**
               MM / DD / YYYY

**X** **/s/ Robert J. Corliss**                 **Robert J. Corliss**
     Signature of authorized representative of debtor            Printed name

Title    **Authorized Person**

**18. Signature of attorney**

**X** **/s/ Jeffrey R. Waxman**           Date   **July 6, 2025**
     Signature of attorney for debtor                     MM / DD / YYYY

**Jeffrey R. Waxman**
Printed name

**Morris James LLP**
Firm name

**500 Delaware Avenue**
**Suite 1500**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **302-888-6800**      Email address   **jwaxman@morrisjames.com**

**4159 DE**
Bar number and State

## SCHEDULE 1

### PENDING BANKRUPTCY CASES FILED BY AFFILIATED ENTITIES

On the date hereof, each of the related entities listed below (collectively, the "Debtors"),
including the debtor in this chapter 11 case, filed a petition in the United States Bankruptcy Court
for the District of Delaware (the "Court") for relief under chapter 11 of title 11 of the United States
Code, 11 U.S.C. §§ 101–1532.  Contemporaneously with the filing of their voluntary petitions, the
Debtors filed a motion requesting that the Court jointly administer their chapter 11 cases for
administrative purposes only.

| Entity Name | Federal Employer Identification Number (EIN) |
|---|---|
| My Job Matcher, Inc. | EIN: 81-5209880 |
| Job.com-HV, Inc. (DE) | EIN: 85-2355873 |
| Job.com-HV, Inc. (FL) | EIN: 85-2355873 |
| Job.com-Fortus, Inc. | EIN: 86-3816145 |
| Job.com-Endevis, Inc. | EIN: 86-3781956 |
| Job.com-QCI, Inc. | EIN: 87-3854364 |
| Princeton One-Job.com, Inc. | EIN: 88-2674752 |
| Princeton Search L.L.C. | EIN: 45-0486163 |

**OMNIBUS WRITTEN CONSENT OF**
**THE SOLE DIRECTOR AND MANAGER, AS APPLICABLE,**
**OF**
**MY JOB MATCHER, INC.**
**JOB.COM - HV, INC. (FL)**
**JOB.COM - HV, INC. (DE)**
**JOB.COM-FORTUS, INC.**
**JOB.COM-ENDEVIS, INC.**
**JOB.COM-QCI, INC.**
**PRINCETON ONE - JOB.COM, INC.**
**PRINCETON SEARCH L.L.C.**

**July 1, 2025**

The undersigned, constituting (i) the sole director (the "Schedule I Director") of each entity listed on Schedule I hereto (each, a "Schedule I Entity" and collectively, the "Schedule I Entities") and (ii) the manager (the "Manager" and together with the Schedule I Director, jointly, the "Governing Bodies") of the entity listed on Schedule II hereto (the "Schedule II Entity" and together with the Schedule I Entities, each, a "Company" and collectively, the "Companies"), respectively, hereby consent, pursuant to the respective bylaws of each of the Schedule I Entities, the limited liability company agreement of the Schedule II Entity, and the relevant state-specific statutes, rules, and regulations, to the taking of the following actions and the adoption of the following resolutions without a meeting and agree that such actions and resolutions shall have the same force and effect as though taken and adopted at a meeting duly called and legally held, and direct that this writing be filed with the minutes of proceedings of the Governing Bodies of each of the Companies.

**WHEREAS,** the Governing Bodies have reviewed and considered the financial and operational condition of each of the Companies, as applicable, and each of the Companies' businesses, as applicable, on the date hereof, including the historical performance of the Companies, the assets of the Companies, the current and long-term liabilities of the Companies, the market for the Companies' assets, credit market conditions, and macroeconomic conditions impacting the Companies;

**WHEREAS**, the Governing Bodies have received, reviewed, and considered (i) the DIP Note (as defined below), (ii) the DIP Loan Documents (as defined below), (iii) the proposed order (the "DIP Order") approving the DIP Financing, (as defined below), (iv) the Stalking Horse APA (as defined below), and (v) the recommendations of the management and the legal and financial advisors of the Companies, as applicable, as to the relative risks and benefits of certain strategic alternatives available to the Companies, including pursuing a bankruptcy under chapter 11 of title 11 of the United States Code, 11 U. S. C. §§ 101 et seq. (the "Bankruptcy Code"); and

**WHEREAS,** the Governing Bodies have determined that it is in the best interests of the Companies, as applicable, and the Companies' respective creditors, stockholders, members, and other parties in interest to commence a case under the Bankruptcy Code.

**NOW THEREFORE, BE IT:**

**COMMENCEMENT AND PROSECUTION OF CHAPTER 11 CASES**

**RESOLVED,** that, in the judgment of the Governing Bodies, after consultation with the management and the legal and financial advisors of the Companies, that it is desirable and in the best interests of the Companies, as applicable, and the Companies' respective creditors, stockholders, members, and other parties in interest that the Companies commence bankruptcy proceedings (collectively, the "Chapter 11 Cases") by filing voluntary petitions (the "Petitions") for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and it is

**FURTHER RESOLVED,** that the form, terms, and provisions of, the execution, delivery, and filing of, and the performance of the transactions and obligations contemplated by the Petitions be, and they hereby are, authorized, approved, and adopted in all respects and Robert Corliss, Ben Gross, and Robert Corliss II, each in their capacity as an officer of the respective Companies (each, in such capacity, an "Authorized Officer" and collectively, the "Authorized Officers") be, and each of them hereby is, acting singly or in any combination, authorized, empowered, and directed, in the name and on behalf of the respective Companies, (i) to execute and verify the Petitions and all documents ancillary thereto, to cause such Petitions to be filed in the Bankruptcy Court, and to make or cause to be made prior to the execution thereof any modifications to such Petitions or ancillary documents and (ii) to execute, verify, and file or cause to be filed all other petitions, schedules, lists, motions, applications, declarations, affidavits, and other papers or documents necessary, appropriate, advisable, or desirable in connection with the foregoing, with such changes, additions, and modifications thereto as the Authorized Officers executing the same shall approve, the taking or execution thereof by the Authorized Officers being conclusive evidence of the approval thereof by the Authorized Officers and the applicable Companies; and it is

**CASH COLLATERAL, AND, DEBTOR-IN-POSSESSION FINANCING**

**FURTHER RESOLVED**, that to the extent applicable to each of the Companies, in the business judgment of the Governing Bodies, as applicable, it is desirable and in the best interest of the Companies, the Companies' respective stakeholders, the Companies' respective creditors, and other parties in interest to obtain the benefits of the use of cash collateral, as such term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral") which is security for certain prepetition secured lenders (the "Prepetition Secured Lenders") party to that certain Credit and Security Agreement, dated as of November 4, 2022, as amended by the First Amendment thereto, dated as of December 13, 2022, and as further amended by the Second Amendment thereto, dated as of April 12, 2023, and the Third Amendment thereto, dated as of March 31, 2025, by and among GT Partner Private Credit Finance LLC, GT Monterey Cypress Finance LLC, and Serengeti Multi-Series Master LLC – Series ARR, as lenders, Ankura Trust Company, LLC, as administrative agent and collateral agent, My Job Matcher, Inc. as borrower, and JOB.COM – HV, INC. (FL), Job.com – HV, Inc. (DE); JOB.COM-ENDEVIS, INC., JOB.COM-FORTUS, INC., JOB.COM-QCI, INC., Princeton One – Job.com, Inc. and Princeton Search L.L.C, as guarantors; and it is

2

**FURTHER RESOLVED,** that any Authorized Officer of each of the respective Companies, in each case, acting singly or in any combination, be, and each hereby is, authorized to execute, deliver and perform, or cause to be executed, delivered and performed, as applicable from time to time, in the name of and on behalf of each of the respective Companies, that certain Debtor in Possession Secured Promissory Note (the "DIP Note" and, together with any other documents related to the debtor-in-possession financing, each, a "DIP Loan Document" and collectively, the "DIP Loan Documents", and the financing thereunder the "DIP Financing"), including, without limitation, any agreements, instruments, questionnaires, papers or writings, as such Authorized Officers determine are necessary, convenient, advisable, appropriate or desirable to effect the execution, delivery and performance of the DIP Note and the transactions contemplated thereunder as intended by these resolutions, including but not limited to, any UCC financing statements and other instruments, stock powers, bond powers, unit powers, powers of attorney, side letters, notary letters, allonges, waivers, documents, certificates, consents, assignments, notices, affidavits, certificates of officers (including secretary's certificates) and other certificates, control agreements, intellectual property grants, guarantees, pledge agreements and other pledge documents, security agreements and other security documents, ratification agreements and agreements contemplated thereby or executed and delivered in connection therewith, in each case, with such changes, additions, modifications, and terms as any such Authorized Officers executing the DIP Documents shall approve, with such Authorized Officer's execution thereof to be deemed conclusive evidence of such approval, and in each case and in connection therewith, with all amendments, amendments and restatements, supplements, renewals, extensions, modifications, substitutions and replacements thereof and each other agreement now existing or hereafter created providing collateral security for payment or performance of the obligations thereunder; and it is

**FURTHER RESOLVED,** that the Governing Bodies, hereby delegate to each Authorized Officer of each of the respective Companies the authority to approve the form, terms, and provisions of the DIP Note, including the use of proceeds to provide liquidity for the Companies during the pendency of the Chapter 11 Cases and such other uses as described in the DIP Note and the DIP Loan Documents or that may be necessary, appropriate, advisable, or desirable in connection with the DIP Note and the transactions contemplated thereby or otherwise contemplated by the DIP Note or by any such other DIP Loan Document; and it is

**FURTHER RESOLVED,** that any Authorized Officer of each of the respective Companies, in each case, acting singly or in any combination, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of each of the respective Companies, to cause each of the respective Companies to enter into, execute, deliver, certify, file, or record, and perform the obligations arising under, the DIP Note and any other DIP Loan Document, together with such other documents, agreements, instruments, and certificates as may be required by the DIP Note and any other DIP Loan Document, in accordance with the terms hereof and to pursue entry of a DIP Order; and it is

**FURTHER RESOLVED,** that any Authorized Officer of each of the respective Companies, in each case, acting singly or in any combination, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of each of the respective Companies, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the DIP Note and any other DIP Loan Document

or any related documents or instruments which shall, in such Authorized Officer's sole judgment, be necessary, appropriate, advisable, or desirable; and it is

## RETENTION OF CHAPTER 11 PROFESSIONALS

**FURTHER RESOLVED,** that, in connection with the Chapter 11 Cases, any Authorized Officer of each of the respective Companies, in each case, acting singly or in any combination, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of each of the respective Companies, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals which such Authorized Officer deems necessary, appropriate, advisable, or desirable in connection with the Chapter 11 Cases and the transactions contemplated thereby (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard); and it is

**FURTHER RESOLVED**, that the firm Morris James LLP ("Morris James"), be and hereby is, authorized, directed, and empowered to represent the Companies as bankruptcy counsel to represent and assist the Companies in carrying out the Companies' duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights, including the preparation of pleadings and filings in the Chapter 11 Cases; and in connection therewith, the Authorized Officers be, and each of them, acting singly or in any combination, with power of delegation, hereby is, authorized, directed, and empowered, on behalf of and in the name of each of the Companies to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Morris James; and it is

**FURTHER RESOLVED**, that the firm Configure Partners, LLC ("Configure") be and hereby is, authorized, directed, and empowered to serve as investment banker to assist the Companies with a restructuring or sale of the Companies' assets and in carrying out the Companies' duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, the Authorized Officers of each of the respective Companies be, and each of them, acting singly or in any combination, with power of delegation, hereby is, authorized, directed, and empowered, on behalf of and in the name of each of the respective Companies to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Configure; and it is

**FURTHER RESOLVED**, that the firm Stretto, Inc. ("Stretto"), be and hereby is, authorized, directed, and empowered to serve as the notices, claims, solicitation, and balloting agent, and administrative advisor to assist the Companies in carrying out the Companies' duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, the Authorized Officers of each of the respective Companies be, and each of them, acting singly or in any combination, with power of delegation, hereby is, authorized, directed, and empowered, on behalf of and in the name of each of the Companies to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Stretto; and it is

**FURTHER RESOLVED**, that CorlissMoore & Associates ("CorlissMoore"), be and hereby is, authorized, directed, and empowered to provide the Companies with a chief executive officer, chief operating officer, chief administrative officer and support personnel to represent and assist the Companies in carrying out the Companies' duties under the Bankruptcy Code and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, the Authorized Officers of each of the respective Companies be, and each of them, acting singly or in any combination, with power of delegation, hereby is, authorized, directed, and empowered to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application under section 363 of the Bankruptcy Code to retain the services of CorlissMoore; and it is

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them, acting singly or in any combination, with power of delegation, hereby is, authorized, directed, and empowered, on behalf of and in the name of each of the Companies to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of a United Kingdom law firm; and it is

**FURTHER RESOLVED**, that each of the aforementioned retained advisors of the Companies is hereby authorized to take any and all actions necessary, appropriate, advisable, or desirable to advance the Companies' rights and obligations and facilitate the commencement of the Chapter 11 Cases; and it is

## STALKING HORSE APA

**FURTHER RESOLVED,** that it is in the best interest of the Companies to enter into the proposed Asset Purchase Agreement (together, with all exhibits, schedules, and other attachments thereto or incorporated therein by reference, the "Stalking Horse APA"), by and between Job.com Acquisition Co., LLC, as purchaser (the "Stalking Horse Bidder") (which is an affiliate of the Prepetition Secured Lenders and the lenders under the DIP Facility), and certain of the Companies as sellers, on the terms and conditions substantially similar to those set forth in the form of Stalking Horse APA; and it is

**FURTHER RESOLVED**, that the form, terms, and provisions of the Stalking Horse APA, and any other agreements, instruments, documents, or certificates required to effect the purposes of the Stalking Horse APA, are authorized and approved, with such changes, additions, and modifications thereto as the Authorized Officers of each of the respective Companies executing the same shall approve, the taking or execution thereof by the Authorized Officers of each of the respective Companies being conclusive evidence of the approval thereof by the Authorized Officers of each of the respective Companies and the applicable Companies; and it is

**FURTHER RESOLVED**, that each Authorized Officer of each of the respective Companies be, and each of them hereby is, acting singly or in any combination, authorized, empowered, and directed, in the name and on behalf of the respective Companies to enter into, execute, and deliver the Stalking Horse APA with the Stalking Horse Bidder, subject to the respective Companies receiving higher or better offers through a court-supervised auction process pursuant to section 363 of the Bankruptcy Code; and it is

## GENERAL AUTHORIZATION AND RATIFACTION

**FURTHER RESOLVED,** that all documents, agreements, and instruments executed and delivered, and any and all acts, actions, and transactions relating to the matters contemplated by the resolutions herein done in the name of and on behalf of each of the Companies, which acts would have been approved by the resolutions herein except that such actions were taken before these resolutions were approved and adopted, are hereby in all respects approved and ratified; and it is

**FURTHER RESOLVED,** that the Authorized Officers of each of the respective Companies be, and hereby are, authorized, directed, and empowered, on behalf of and in the name of each of the respective Companies, to perform the obligations of such Companies under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Officers of each of the respective Companies performing or executing the same shall approve, the taking or execution thereof by the Authorized Officers of each of the respective Companies being conclusive evidence of the approval thereof by the Authorized Officers of each of the respective Companies and the applicable Companies; and it is

**FURTHER RESOLVED,** that the Authorized Officers of each of the respective Companies be, and hereby are, authorized, directed, and empowered, in the name of and on behalf of each of the respective Companies, to cause the Companies to enter into, execute, deliver, certify, file, record, and perform under such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, to pay all expenses, including filing fees, and to take such other actions as in the judgment of the Authorized Officers of each of the respective Companies, shall be necessary, appropriate, advisable, or desirable to prosecute a successful completion of the Chapter 11 Cases and to effectuate the restructuring or liquidation of the Companies' debts, other obligations, organizational form and structure, and ownership of the Companies, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of which the foregoing resolutions, and the transactions contemplated by these resolutions, the authority thereunto to be evidenced by the taking of such actions; and it is

**FURTHER RESOLVED**, that the Authorized Officers of each of the respective Companies be, and hereby are, authorized, directed, and empowered, on behalf of and in the name of each of the Companies, to take such actions and execute and deliver such documents as may be required or as the Authorized Officers of each of the respective Companies may determine to be necessary, appropriate, advisable, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including, without limitation, the execution and delivery of any consents, resolutions, petitions, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as the Authorized Officers of each of the respective Companies shall approve, the taking or execution thereof by the Authorized Officers of each of the respective Companies being conclusive evidence of the approval thereof by the Authorized Officers of each of the respective Companies and the applicable Companies; and it is

**FURTHER RESOLVED**, that all acts done or actions taken prior to the date hereof by the Authorized Officers of each of the respective Companies or any professionals engaged by the Companies with respect to any transactions contemplated by the foregoing resolutions, or otherwise in preparation for or in connection with the Chapter 11 Cases, or any proceedings related thereto, or any matter related thereto, be and hereby are, adopted, approved, authorized, ratified, and confirmed in all respects as the acts and deeds of the Companies; and it is

**FURTHER RESOLVED,** that these resolutions shall be delivered to each of the Companies and shall be filed with the minutes of proceedings of the board of directors and the manager, as applicable, and the books and records of the applicable Companies to document the actions set forth herein as actions taken by the Governing Bodies; and it is

**FURTHER RESOLVED**, that facsimile, photostatic, or other electronic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals; and it is

**FURTHER RESOLVED**, this this consent may be executed in multiple counterparts, all of which, taken together, shall constitute one and the same document, and shall be effective as of the date first written above when signed by the Governing Bodies.

*[Signature Page Follows]*

**IN WITNESS WHEREOF**, the undersigned has executed and delivered this Written Consent effective as of the date first set forth above.

SCHEDULE I DIRECTOR:

DocuSigned by:

*David Mack*

7287D6C764514F0...

David Mack

SCHEDULE II MANAGER:

Signed by:

*Robert Corliss*

ADF9CD17B46B49F...

Robert Corliss

SCHEDULE I ENTITIES

My Job Matcher, Inc., a Delaware corporation
JOB.COM-ENDEVIS, INC., a Delaware corporation
JOB.COM-FORTUS, INC., a Delaware corporation
Job.com – HV, Inc., a Delaware corporation
JOB.COM – HV, INC., a Florida corporation
JOB.COM-QCI, INC., a Delaware corporation
Princeton One – Job.com, Inc., a Delaware corporation

SCHEDULE II ENTITY

Princeton Search L.L.C., a New Jersey limited liability company

**Fill in this information to identify the case:**

Debtor name **My Job Matcher, Inc.**

United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**

Case number (if known): _____

☐ Check if this is an

amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Riveron Consulting, LLC 2515 McKinney Avenue Ste 1200 Dallas, TX 75201** | **Attn: Brett Thames** brett.thames@riveron.com P: 214-668-0210 | **Professional Services** | | | | **$2,109,020.46** |
| **SOJA Ventures 444 Madison Avenue Suite 300 New York, NY 10022-6980** | **Attn: David Hulshof** dhulshof@sojaventures.com P: 913-515-3868 | **Unsecured Note** | | | | **$1,608,410.20** |
| **Lucosky Brookman LLP 111 Broadway Suite 807 New York, NY 10006** | **Attn: Joseph Lucosky** jlucosky@lucbro.com P: 732-395-4402 | **Professional Services** | | | | **$864,286.71** |
| **MDJGroup 9644 Linebaugh Avenue Tampa, FL 33626** | **Attn: Michael Stanton** mstanton@sclawyergroup.com P: 813-444-0155 | **Trade Claim** | | | | **$807,595.00** |
| **LinkedIn 62228 Collections Center Drive Chicago, IL 60693-0622** | **Attn: Rodolfo Gaba** updates@garab.law P: 888-391-1228 ex 105 | **Trade Claim** | | | | **$561,579.72** |
| **AHS Staffing 2200 Ross Avenue Suite 5200 Dallas, TX 75201** | **Attn: Zachary Tobolowsky** Zachary.tobolowsky@gtlaw.com P: 214-665-3756 | **Settlement Agreement** | | | | **$403,159.71** |

| Debtor | **My Job Matcher, Inc.** | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Cary Levine 108 Wild Basin Road Suite 250 Austin, TX 78746** | | **Independent Contract Claim** | | | | **$333,333.00** |
| **Moss Adams 2040 Main Street Suite 900 Irvine, CA 92614** | **Attn: Larry Shultz Larry.Schultz@mossadams.com P: 949-428-0287** | **Trade Claim** | | | | **$323,295.81** |
| **Indeed, Inc. 200 W. 6th Street Austin, TX 78701** | **Attn: Ron Means rmeans@indeed.com** | **Trade Claim** | | | | **$218,064.90** |
| **Bullhorn Inc 100 Summer St. 17th Floor Boston, MA 02110** | **Attn: Ustav Saini usaini@ghr-global.com P: 978-651-1327** | **Trade Claim** | | | | **$185,076.87** |
| **Caldwell Intellectual Property Law 200 Clarendon Street 59th Floor Boston, MA 02116** | **Attn: Ashleigh Bell abell@gardnerrosenberg.com P: 857-465-7112** | **Trade Claim** | | | | **$154,027.42** |
| **Bell & Associates Ltd 38 Pittengullies Brae Peterculter, KS AB 14 0QU UNITED KINGDOM** | **Attn: Graeme Bell graeme@bellandassociates.co.uk P: +44 1224 289727** | **Trade Claim** | | | | **$149,300.00** |
| **Marsh & McLennan Agency LLC 1166 Avenue of the Americas New York, NY 10036** | **Attn: Tony Colucci Tony.Colucci@MarshMMA.com P: 847-463-7327** | **Trade Claim** | | | | **$119,645.80** |
| **Commercial Investigations 622 Loudon Road Suite 2021 Latham, NY 12110** | **Attn: Elliot Hallak ehallak@harrisbeachmurtha.com P: 518-701-2748** | **Judgment** | | | | **$115,990.84** |
| **Okta, Inc. 100 First Street 6th Floor San Francisco, CA 94105** | **Attn: Frank J Vecchio fvecchio@commercialcollection.com P: 800-873-5212 ext. 1060** | **Trade Claim** | | | | **$104,216.36** |

| Debtor | **My Job Matcher, Inc.** | | Case number *(if known)* | |
| | Name | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Newbury C/O Pierson Ferdinand LLP 1270 Avenue of the Americas 7th Fl. -1050 New York, NY 10020** | **Attn: Tony.Onorato** **tony.onorato@pierferd.com** | **Settlement Agreement** | | | | **$102,165.00** |
| **Core Cloud LLC 22583 Norwalk SQ Ashburn, VA 20148** | **Attn: Mani Chodisetty** **hr@corecloudgroup.com P: 703-387-6892** | **Trade Claim** | | | | **$101,200.00** |
| **Fortus Group, Michael Maurizio Tully Rinckey PLLC Attn: Allen A. Shoikhetbrod, Esq. 1203 Troy-Schenectady Road Suite 101 Latham, NY 12110** | **ashoikhetbrod@fedattorney.com** | **Pending Litigation** | **Contingent Unliquidated Disputed** | | | **Unliquidated** |
| **Dave Campeas c/o Norris McLaughlin, P.C. Attn: Patrick T. Collins, Esq. 400 Crossing Blvd., 8th Floor Bridgewater, NJ 08807** | **ptcollins@norris-law.com** | **Pending Litigation** | **Contingent Unliquidated Disputed** | | | **Unliquidated** |
| **Gary Suskin c/o Norris McLaughlin, P.C. Attn: Patrick T. Collins, Esq. 400 Crossing Blvd., 8th Floor Bridgewater, NJ 08807** | **ptcollins@norris-law.com** | **Pending Litigation** | **Contingent Unliquidated Disputed** | | | **Unliquidated** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MY JOB MATCHER, INC., *et al.*,[1] | Case No. 25-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY INTEREST HOLDERS PURSUANT
TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to rules 1007(a)(1), 1007(a)(3) and 7007.1 of the Federal Rules of Bankruptcy

Procedure, the above-captioned debtors (each, a "<u>Debtor</u>," and collectively, the "<u>Debtors</u>") hereby

state as follows:

1.   The mailing address of the Debtors is 1743 Sidewinder Drive, 1st Floor, Park City, Utah 84060.

2.   Debtor My Job Matcher, Inc. is wholly owned by non-Debtor MJM Tech Ltd.

3.   Debtors Job.com-HV, Inc. (DE), Job.com-HV, Inc. (FL), Job.com-Fortus, Inc., Job.com-Endevis, Inc., Job.com-QCI, Inc., and Princeton One-Job.com, Inc. are wholly owned by Debtor My Job Matcher, Inc.

4.   Debtor Princeton Search L.L.C. is wholly owned by Princeton One-Job.com, Inc.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  My Job Matcher, Inc. (9880); Job.com-HV, Inc. (DE) (5873); Job.com-HV, Inc. (FL) (5873); Job.com-Fortus, Inc. (6145); Job.com-Endevis, Inc. (1956); Job.com-QCI, Inc. (4364); Princeton One-Job.com, Inc. (4752); and Princeton Search L.L.C. (6163).  For purposes of these chapter 11 cases, the Debtors' service address is 1743 Sidewinder Drive, 1st Floor, Park City, Utah 84060.

**Fill in this information to identify the case:**

Debtor name    **Job.com-HV, Inc. (Florida)**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    **12/15**

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☑ Other document that requires a declaration    **Corporate Ownership Statement and List of Equity Interest Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **July  6, 2025**          X **/s/ Robert J. Corliss**
                                             Signature of individual signing on behalf of debtor

                                             **Robert J. Corliss**
                                             Printed name

                                             **Authorized Person**
                                             Position or relationship to debtor

Official Form 202                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**